IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA G. FINCH, Individually, as Co-Administrator )
of the Estate of Andrew Thomas Finch, deceased, )
and as Next Friend for her minor granddaughter, )
AF; DOMINICA C. FINCH, as Co-Administrator )
of the Estate of Andrew Thomas Finch, deceased; )
and ALI ABDELHADI, )
 )
              Plaintiffs, )
 )
v. )   Case No. 18-1018-EFM
 )
CITY OF WICHITA, KANSAS; )
JOHN DOE POLICE OFFICERS 1-10, )
 )
              Defendants. )

**ORDER**

This matter comes before the court upon Plaintiffs' Motion to Extend the Deadline to Amend Plaintiffs' Complaint (ECF No. 44). For the following reasons, this motion is granted in part.

I.

In their motion, plaintiffs seek to extend the deadline to amend their pleadings by ninety days from September 13, 2018 to December 12, 2018. They contend they need additional time to determine whether to amend their complaint to add new defendants and new claims. They assert they need additional information to identify individual defendants and their role in the claims they have asserted. Defendants counter that plaintiffs' motion should be denied because plaintiff received the information necessary to make these decisions three months prior to the deadline for amendments.

II.

Plaintiffs' claims arise out of the December 28, 2017 shooting of Andrew Finch by a Wichita police officer. Wichita police and other officers had been dispatched to a residence occupied by plaintiffs and Andrew Finch based upon a report that a male occupant had shot his father in the head and was holding his mother and sibling in a closet at gun point. Unknown to the officers at the time, that report was false, the result of a criminal attempt to "swat" an unrelated person.

On May 25, 2018, the court held a Scheduling Conference with the parties, and thereafter issued a Scheduling Order on May 29, 2018. In that order, the court set a deadline of September 13, 2018 to join additional parties or to otherwise amend the pleadings.

Before and after the Scheduling Conference, defendant City of Wichita produced a number of documents. These documents included documents identified in its initial Rule 26(a)(1) disclosures, personnel files and training records of the shooting officer and the three officers who were located across the street, internal affairs' files, and a report of the Sedgwick County District Attorney's review of the incident. The last of these disclosures was made on August 23, 2018.

The parties had arranged for plaintiffs to depose the shooting officer, the supervising officer at the scene, the city manager, a deputy chief of police and the chief of police on August 7-10, 2018. Plaintiffs cancelled those depositions on August 1, 2018.

Plaintiffs have suggested that the depositions were cancelled because they had not received some outstanding discovery prior to the date of the depositions. In their motion which was filed on September 6, 2018, plaintiffs assert that they had not received some discovery that was due on August 30, 2018. They contend they are not able to amend the complaint to add parties or claims until they have received the outstanding documents, and taken the depositions of the primary

officers who were at the scene as well as the policymakers and Wichita Police Department supervisors who have personal knowledge about the shooting. They note that these depositions will likely take two to three months.

### III.

A motion to modify the Scheduling Order is governed by Fed.R.Civ.P. 16(b)(4), which mandates that "[a] schedule may be modified only for good cause and with the judge's consent." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence.[1] This rule gives trial courts wide latitude in entering scheduling orders, and modifications to such orders are reviewed for abuse of discretion.[2] It is well-established that motions to modify a scheduling order focus on the diligence of the party seeking to modify the scheduling order.[3]

### IV.

After considering the arguments of the parties, the court finds that plaintiffs' motion should be granted in part. The court believes that plaintiffs have exercised diligence in seeking to modify the Scheduling Order. The court understands that additional discovery may be necessary to determine if additional parties or claims need to be included. This discovery has not been completed and the reasons for the delay noted by the plaintiffs appear reasonable. Under these circumstances, it will not serve justice to refuse to modify the Scheduling Order for the purpose requested. Nevertheless, the court is not persuaded that plaintiffs need as much time as they have requested to complete this discovery and determine if new parties or claims need to be added. The court believes plaintiffs can complete the discovery noted in their motion and make the necessary

---

[1] *Parker v. Central Kansas Medical Center*, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993).

[2] *Grieg v. Botros*, No. 08–1181–EFM, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010).

[3] *Id.*

determinations by November 13, 2018.  Accordingly, the court grants plaintiffs' motion in part and extends the deadline for adding parties and otherwise amending the pleadings to November 13, 2018.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Extend the Deadline to Amend Plaintiffs' Complaint (ECF No. 44) is granted in part.  The deadline for adding parties and otherwise amending pleadings is extended to November 13, 2018.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
