# EXHIBIT 29

Lisa G. Finch, et al. vs. City of Wichita, Kansas

Case No. 18-cv-1018-JWB-ADM

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**January 14, 2020**



| Wichita Police Department Policy Manual | Page 1 of 5 |
|---|---|
| Approved by: [signature] | Maintained by: Field Services |
| Policy 519 - Mentally Ill Persons/Crisis Intervention Team | Issue/Rev.: R 05-05-14 |

R  **GENERAL STATEMENT**

The Wichita Police Department recognizes the challenges that chronic behavioral crises related to mental illnesses, substance abuse, intellectual disability, and behavioral health conditions pose to community safety, stability, and emergency services. The primary police function when responding to mental health crisis calls is to restore order by de-escalating incidents and referring citizens in crisis to appropriate treatment. Ideally, arresting a mentally ill person should be reserved for violent and/or serious crimes. The best option in all other situations is mental health treatment. Persons with mental illness are citizens in full-standing, of equal dignity to all other citizens and should receive an equivalent level of care.

R  **DEFINITIONS**

*Crisis Intervention Team (CIT) Officer* – An officer who has completed the approved CIT curriculum through the Sedgwick County CIT Council, and has specialized training in mental illness, personality disorders, substance abuse, suicide, developmental disabilities, treatment options, local mental health care services, and de-escalation techniques for mental crisis. These are volunteer officers who are assigned in various ranks and positions, and may be dispatched to appropriate calls by Emergency Communications dispatchers. CIT Officers are identified in CAD.

*Mental Health First Aid* – Mental Health First Aid is a public education program that helps the public identify, understand, and respond to signs of mental illnesses and substance use disorders. Mental Health First Aid is offered in the form of an interactive 12-hour course that presents an overview of mental illness and substance use disorders and introduces participants to risk factors and warning signs of mental health problems, builds understanding of their impact, and overviews common treatments. This program is presented to Police Recruit Officers during their academy training.

*Mental Health / Substance Abuse Emergency* – The person appears to be mentally impaired or suffering from a substance-induced impairment, to the extent that:
1. The person may cause harm to self or others, and/or
2. There is a reasonable belief that such person is in need of treatment, and/or
3. The person appears to lack sufficient understanding or capacity to make reasonable decisions in respect to their need for treatment.

*Mental Illness* – A condition characterized by impairment of an individual's normal cognitive, emotional, or behavioral functioning which can be caused through a variety of means, including but not limited to: social, psychological, biochemical, genetic, illness or injury.

From K.S.A. 59-2946
*Likely to cause harm to self or others* - Means that the person, by reason of the person's mental disorder: (A) Is likely, in the reasonably foreseeable future, to cause substantial physical injury or physical abuse to self or others or substantial damage to another's property, as evidenced by behavior threatening, attempting or causing such injury, abuse or damage; except that if the harm threatened, attempted or caused is only harm to the property of another, the harm must be of such a value and extent that the state's interest in protecting the property from such harm outweighs the person's interest in personal liberty; or (B) Is substantially unable, except for reason of indigency, to provide for any of the person's basic needs, such as food, clothing, shelter, health or safety, causing a substantial deterioration of the person's ability to function on the person's own.

*Mentally ill person* - Means any person who is suffering from a mental disorder which is manifested by a clinically significant behavioral or psychological syndrome or pattern and associated with either a painful symptom or an impairment in one or more important areas of functioning, and involving substantial behavioral, psychological or biological dysfunction, to the extent that the person is in need of treatment.

*Mentally ill person subject to involuntary commitment for care and treatment* - Means a mentally ill person, as defined in subsection (e) of K.S.A. 59-2946, who also lacks capacity to make an informed decision concerning treatment, is likely to cause harm to self or others, and whose diagnosis is not solely one of the following mental disorders: Alcohol or chemical substance abuse; antisocial personality disorder; intellectual disability; organic personality syndrome; or an organic mental disorder.

From K.S.A. 59-29b46
*Person with an alcohol or substance abuse problem* - means a person who: (1) Lacks self-control as to the use of alcoholic beverages or any substance as defined in subsection (k) of K.S.A. 59-29b46; or
(2) Uses alcoholic beverages or any substance as defined in subsection (k) of K.S.A. 59-29b46 to the extent that the person's health may be substantially impaired or endangered without treatment.



EXHIBIT NO. 55
DATE 10-17-18
Kelley, Genth & Associates

*Person with an alcohol or substance abuse problem subject to involuntary commitment for care and treatment* - Means a person with an alcohol or substance abuse problem, as defined in subsection (f) of K.S.A. 59-29b26, who also is incapacitated by alcohol or any substance and is likely to cause harm to self or others.

I    KANSAS STATUTES

Civil rights
59-2948 Civil rights of persons subject to the provisions of the care and treatment act for mentally ill persons. (a) The fact that a person may have voluntarily accepted any form of psychiatric treatment, or become subject to a court order entered under authority of this act, shall not be construed to mean that such person shall have lost any civil right they otherwise would have as a resident or citizen, any property right or their legal capacity, except as may be specified within any court order or as otherwise limited by the provisions of this act or the reasonable rules and regulations which the head of a treatment facility may for good cause find necessary to make for the orderly operations of that facility. No person held in custody under the provisions of this act shall be denied the right to apply for a writ of habeas corpus.

Custody without warrant – mental illness
59-2953 Any law enforcement officer who has a reasonable belief formed upon investigation that a person is a mentally ill person and because of such person's mental illness is likely to cause harm to self or others if allowed to remain at liberty may take the person into custody without a warrant. The officer shall transport the person to a treatment facility where the person shall be examined by a physician or psychologist on duty at the facility.

Custody without warrant – substance abuse
59-29b53 Any law enforcement officer who has a reasonable belief formed upon investigation that a person may be a person with an alcohol or substance abuse problem subject to involuntary commitment and is likely to cause harm to self or others if allowed to remain at liberty may take the person into custody without a warrant. The officer shall transport the person to a treatment facility or other facility for care or treatment where the person shall be examined by a physician or psychologist on duty at the facility.

Sharing mental health information
65-5603 *as amended by House Bill 2600 allows mental health treatment facilities to disclose information about whether a person is or has been a patient within the past six months when a person has been detained by law enforcement.* Exceptions to K.S.A. 65-5602 include: information limited to whether a person is or has been a patient of any treatment facility within the last six months, such person having been lawfully detained by a law enforcement officer upon reasonable suspicion that such person is committing or is about to commit a misdemeanor or felony, if such law enforcement officer has reasonable suspicion that such person is suffering from mental illness and such law enforcement officer has a reasonable belief that such person may benefit from treatment at a treatment facility rather than being placed in a correctional institution, jail, juvenile correctional facility or juvenile detention facility. Any communication and information obtained by any law enforcement officer regarding such person from such treatment facility shall not be disclosed except as provided by this section.

519.01
R
Upon investigation, any law enforcement officer who has a reasonable belief that an individual is mentally ill or has an alcohol or substance abuse problem and because of such person's mental illness or alcohol or substance abuse problem is likely to cause harm to self or others may take an individual into custody without a warrant or other court-order. The officer does not need to have personally witnessed the abnormal behavior of the person for this to occur. The harm does not have to stem from an overt act of physical violence; a case of "self-care failure" (i.e.: no food or water, unsanitary conditions, inability to distinguish what is real and what is a delusion) can constitute a serious threat to the person or others when they do not take prescribed medications or are unable to care for their own basic needs.

CRISIS INTERVENTION TEAM TRAINED OFFICERS

519.02
R
The Wichita Police Department has officers who voluntarily receive Critical Incident Team (CIT) training. CIT trained officers, when on-duty and available for calls, may be dispatched to calls which appear to meet the definition of a mental health / substance abuse emergency. When a CIT trained officer is on-scene and no supervisor is present, he/she will manage the incident investigation.

If a supervisor or an on-scene officer determines the incident requires specialized intervention, he / she may request that an on-duty CIT Officer be dispatched to assist. When a supervisor is on-scene, the CIT officer will serve as a resource to the controlling supervisor so a collaborative plan for safely resolving the mental health / substance abuse emergency component of the call can be implemented. The supervisor will consider the CIT officer's special training, knowledge and experience and utilize advice given on best practices for managing people who are experiencing a mental health / substance abuse emergency. The CIT officer will also serve as a resource in determining how to handle any criminal acts related to the mental health / substance abuse call.

519.03
R
The CIT officer does not automatically take reports or make arrests on CIT calls. The presence of a CIT officer does not excuse officers from documenting incidents within their response zones. If a CIT officer determines that a call has no mental health crisis component, ~~they~~ he / she may turn the call over to the beat officer, prepare a supplemental report to document his / her role in the call, and return to service.

| Policy 519 - Mentally Ill Persons/Crisis Intervention Team | Page 3 of 5 | Issue/Rev.: R 05-05-2014 |

519.04 R  CIT trained officers may not be on-duty or available to respond to mental health / substance abuse emergency calls 24 hours per day, 7 days per week. All supervisors and officers, CIT trained or not, will manage calls with a suspected mental health or substance abuse component professionally, using Policy 519 for guidance.

519.05 I  When officers recognize that they are potentially dealing with a mental health / substance abuse emergency, the officers should consider applying some of the following de-escalation techniques. If the person is actively violent the officer may request assistance from a CIT Officer.

The officer should:
- Assess safety issues
- Introduce yourself and attempt to obtain the person's name
- Remain calm and avoid overreacting
- Be helpful
- Present a genuine willingness to understand and help
- Speak slowly, in a low tone, using short sentences, and repeating for clarity
- Move slowly
- Remove distractions or disruptive people from the area
- Demonstrate "active listening skills" – i.e., summary of verbal communications

The officer should NOT:
- engage in behaviors that can be interpreted as aggressive
- allow others to interact simultaneously while you are attempting to talk to the person and stabilize the situation
- corner, or be cornered: (Give the person expanded space and ensure that you, the officers, have expanded space and a safe exit, if it should become necessary)
- raise your voice, use a sharp edge in your speaking, or use threats to gain compliance
- attempt to gain compliance based on the assumption that the person is as reasonable on issues as you are
- argue

SHARING INFORMATION AUTHORIZED IN K.S.A. 65-5603

519.06 I  When a law enforcement officer has a lawful need to know, as defined in K.S.A. 65-5603, whether a person is or has been a patient of any treatment facility within the last six months, the protocol to request such information from service providers is as follows:

Via Christi Hospitals:

- Two Via Christi Health Information Management ("HIM") department phone numbers are available for processing requests. All other hospital personnel, including nurses and physicians, are not authorized to process these requests and should refer Officers to the following contacts:
    o Primary contact: 316.689.4720 – HIM at Via Christi Hospital on E Harry
    o Backup contact: 316.268.5950 – HIM at Via Christi Hospital on St Francis

- Officers will need to listen to the automated message and press "1" for law enforcement requests. From there you will be connected to HIM staff or, if call is made during non-business hours, asked to leave a message. For a compliant request, HIM requires the following information:
    o Officer's Name, Agency, Badge Number, and Phone Number; and
    o Full name of detained individual. Additional identifiers may be required to confirm the identity of the individual.

- Hours of operation: Monday - Friday, 8:00AM - 4:30PM (Holidays excluded). Any calls received during non-business hours will be processed on the following business day.

- HIM staff reviews the individual's medical record and determines if he/she has received inpatient behavioral health services at Via Christi within the last six months (180 days). HIM provides a "yes" or "no" response. Providing any additional information may result in an unlawful disclosure of the individual's protected health information.

Sedgwick County COMCARE:

- During business hours, Monday – Friday, 8:00 AM – 5:00 PM, call
    o COMCARE Records 316-660-7775

- After business hours, on weekends and holidays
    o Call COMCARE Crisis 316-660-7500

| Policy 519 - Mentally Ill Persons/Crisis Intervention Team | Page 4 of 5 | Issue/Rev.: R 05-05-2014 |
|---|---|---|

### VOLUNTARY CONSENT TO TREATMENT

**519.07** If a person who does not meet the requirements for warrantless police custody under K.S.A. 59-2953 or K.S.A. 59-
I 29b53 requests to go to ComCare, Veteran's Administration Hospital, St. Joseph Hospital, or any other facility for assessment or treatment, the officer shall facilitate in a reasonable manner.
  1. Family members, friends or others may transport the individual to the facility of his / her choice.
  2. Transport may be made by ambulance if an identified medical condition requires EMT attention.
  3. The officer may transport the individual after notifying a supervisor of the circumstances of the contact and the person's request.
      i. The officer will notify ComCare, Veterans Administration Hospital, St. Joseph, or other treatment facility staff, upon arrival, that the individual is a voluntary self-admit, not in police custody or subject to involuntary commitment by the law enforcement officer.
      ii. To ensure a "safe handoff," of a Voluntary Consent to Treatment patient at ComCare, Veteran's Administration Hospital, St. Joseph Hospital, or other treatment facilities, the officer should remain at the facility until released by a member of the staff. If the time exceeds 30 minutes, the officer shall contact his or her supervisor for assistance. The supervisor will respond in person to the facility, assess the facts and work with facility staff to relieve the officer only when the individual is secured or compliant and does not pose an immediate threat to self, staff or others.
  4. An incident report will be prepared and submitted by the officer regardless of whether the officer does or does not take the person into protective custody and place that person into a treatment facility. (See 519.17)

### INVOLUNTARY COMMITMENT

**519.08** When a WPD officer takes a person into custody without a warrant or court order pursuant to K.S.A. 59-2953 or K.S.A.
I 59-29b53, the officer shall notify a WPD supervisor for approval. Warrantless detention of a person for mental illness, alcoholism, or substance abuse subject to involuntary commitment shall be reviewed by a Sergeant or higher ranking supervisor before, or as soon as is reasonably possible after detention occurs to ensure compliance with the elements indicated in K.S.A. 59-2953 or K.S.A. 59-29b53.

### SEDGWICK COUNTY COMCARE

**519.09** If a mental evaluation is needed and the individual is not physically injured or combative, the officer shall call the
I Crisis Intervention Services of COMCARE at 660-7500. If the individual requests Veteran's Administration services, see 519.12. Otherwise, the officer should provide CIS staff with the name, DOB, and address of the individual and a brief description of the circumstances leading to the police involvement. CIS staff will advise the officer whether to transport the individual to CIS at 934 N. Water or direct them to other options. If COMCARE advises to leave the person in place at their home, document what CIS staff member made this decision and include their information in the incident report.

**519.10** An officer may transport a mentally ill person to COMCARE. The officer should remain at the COMCARE facility
I until released by a member of the COMCARE staff. If the time exceeds one hour, the officer shall contact his or her supervisor for assistance. The supervisor will respond in person to the COMCARE facility, assess the facts and work with COMCARE staff to relieve the officer only when the individual is secured or compliant and does not pose an immediate threat to self, staff or others.

### DCCCA OPTIONS ADULT SERVICES

**519.11** If intoxication appears to be the prevailing issue with an individual and the individual is not violent, the officer may
I call DCCCA's Options Adult Services facility and provide screening information to the answering staff member to determine if the intoxicated person can be served at the facility. If the person does not meet DCCCA criteria, or no beds are available, the officer will, if the person meets the criteria for involuntary commitment, proceed to the nearest treatment facility for medical evaluation. DCCCA Options contact information:

Address 122 N. Millwood, Wichita, KS 67203,
Phone 316-265-6011,

### VETERAN'S ADMINISTRATION HOSPITAL

**519.12** Individuals in mental crisis who inform the investigating officer(s) or supervisor, or whose family informs the officer(s)
I or supervisor, that the patient is authorized to receive care through the Veteran's Administration and requests to be taken to the Veteran's Administration emergency room for care and treatment, should be taken to the VA ER.

Patients who have VA benefits and are seen or receive care and treatment in other hospitals first are at risk of increased financial responsibility for their care. The patient's family, the officer or a supervisor may, if necessary, confirm the patients authority to be treated at the VA by calling:

- 24 hour / 7 days
    - Administrator of the Day 316-651-3614
    - Urgent Care nurse 316-685-5581

Transport may be made by ambulance if an identified medical condition requires EMT attention.

When an officer delivers a mentally ill person to the emergency room at the Veteran's Administration Hospital, the officer shall remain with the individual while the ER staff assesses the patient for medical clearance and mental health evaluation. The officer shall remain a reasonable amount of time, not to exceed one hour, until the patient is accepted by the ER staff assessor(s). If the time exceeds an hour, the officer shall contact his / her supervisor for assistance. The supervisor will respond to the V.A. in person, assess the facts and work with the Veteran's Administration staff to relieve the officer only when the individual is secured or compliant and does not pose an immediate threat to self, staff or others.

### VIA CHRISTI ST. JOSEPH HOSPITAL

519.13 I  Individuals in mental crisis who require medical attention, physical restraint due to aggressive behavior, and/or who are unable to converse in a coherent manner due to alcohol or drug impairment, (excluding qualified VA patients – see 519.12) are to be taken to Via Christi St. Joseph ER and Assessment Center at 3600 E. Harry.

Transport may be made by ambulance if an identified medical condition requires EMT attention.

519.14 I  When an officer delivers a mentally ill person to the emergency room [ER] at Via Christi St. Joseph, the officer shall remain with the individual while the ER staff reviews the person's medical status. If the ER staff determines that the person needs to be moved to Via Christi's Behavior Health Assessment Center the detaining officer and Via Christi staff shall move the mentally ill person to the Assessment Center.

519.15 I  Inside the Assessment Center, the WPD officer will not be disarmed. Via Christi staff can direct the armed officer to an area where he or she may wait. The officer shall remain a reasonable amount of time, not to exceed one hour, while assessors determine whether or not the person with the behavioral health problem (PBHP) will be admitted to Via Christi. If the time for medical clearance and mental health evaluation exceeds one hour, the officer shall contact his/her supervisor for assistance. The supervisor will respond to St. Joseph Hospital in person, assess the facts and work with the Via Christi staff to relieve the officer when the individual is secured, or compliant and does not pose an immediate threat to self, staff or others.

519.16 I  If the physician or psychologist on duty at the facility does not believe the person likely to be a mentally ill person or a person with an alcohol or substance abuse problem subject to involuntary commitment for care and treatment, and refuses to accept the person, the officer shall return the person to the place where he/she was taken into custody, or at another place in the same community as requested by the person or if the law enforcement officer believes that it is not in the best interests of the person or the person's family or the general public for the person to be returned to the place the person was taken into custody, then the person shall be released at another place the law enforcement officer believes to be appropriate under the circumstances. If the person demands to be immediately released, the officer will do so. Point of release information shall be included in the IR.

### REPORTING REQUIREMENTS

519.17 I  An Incident Report is required on all incidents where a person is reported to be mentally ill or suffering a *mental health / substance abuse emergency*, regardless of whether the officer does or does not take the person into custody or place the person into a treatment facility.

Caution Code:
An officer may only request initiation of the "Mental" caution code in the Wichita Police Department's Records Management System when:

1. The officer submits an incident report for inclusion in the W.P.D. Records Management System (R.M.S.), and
2. The report documents the person's condition, and
3. The person's condition meets the statutory elements contained in the definition for *Mentally ill person* or *Mentally ill person subject to involuntary commitment for care and treatment*.

The case should be classified, or have a secondary subclassification, of 6300 – Mental Cases on the incident report and in the R.M.S.

If these requirements are met, the officer will inform Case Desk, either by noting on the hand written or typed report, or by phone when entering the incident, to initiate the "Mental" caution code in the Records Management System.

No officer or Records employee should initiate the "Mental" caution code in the Records Management System unless the officer submits, or reports he / she is submitting an incident report which contains documentation that the person's condition meets the Kansas statutory definition of *Mentally ill person* or *Mentally ill person subject to involuntary commitment for care and treatment* found in Kansas statute 59-2946.