# EXHIBIT 54

**Lisa G. Finch, et al. vs. City of Wichita, Kansas**

**Case No. 18-cv-1018-JWB-ADM**

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**January 14, 2020**

| Wichita Police Department Policy Manual | Page 1 of 9 |
|---|---|
| Approved by: | Maintained by: Field Services |
| Policy 716 – Body-Worn Cameras | Issue/Rev.: R 11-8-2016 |

PURPOSE

716.01    The purpose of this policy is to establish guidelines and limitations for the use and management of body-worn camera systems; and Evidence.com, a web-based digital media storage facility.

716.02    The use of body-worn camera systems provides limited documentation, within the field of the cameras view of law enforcement interaction with the public by providing recorded evidence of actions, conditions and statements that may be used for court proceedings, or internal review. Goals of a body-worn camera system are for officer safety, to accurately document events during the course of an incident, to provide prosecutors with the best evidence for court proceedings, and to determine the accuracy of complaints made against a member of the Wichita Police Department.

716.03    The Wichita Police Department will utilize a body-worn camera system.

OPERATIONAL OBJECTIVES

716.04    The Wichita Police Department has authorized the use of body-worn camera systems.  The systems will be used to document events and capture limited data to be preserved in a web-based digital storage facility. Once captured, these recordings cannot be altered in any way, and are protected with multiple layers of encryption.  The Wichita Police Department has adopted the use of body-worn camera systems to accomplish the following objectives:

    A.    To improve officer accountability and transparency to the public they serve.

    B.    To enhance officer and public safety.

    C.    To accurately document statements and events during the course of an incident.

    D.    To enhance the officer's ability to document and review statements and actions for both internal reporting requirements and for courtroom preparation/testimony.

    E.    To preserve visual and audio information for use in current and future investigations.

    F.    To provide an impartial measurement for self-critique and field evaluation during officer training or coaching and mentoring sessions.

    G.    To enhance public trust by preserving factual representations of officer-citizen interactions in the form of video and audio recordings.

DEFINITIONS

716.05    Buffering Mode: The Taser Axon Flex continuously loops video recording for a 30 second period. No audio is recorded while buffering.  Once the camera is activated, it saves the previous 30 seconds in video only.  This is buffering mode.

716.06    System Administrator: Evidence.com administrators will have full access to the website to assign and track equipment; controls passwords; conducts quality checks of uploaded data; coordinates data retention/destruction; provides copies of requested data to requesting officer.  An end user cannot alter or delete video recordings.

716.07    End User: Taser Axon Flex user with individual account access to Evidence.com.

716.08    Docking Station: A docking station is a system that simultaneously recharges the controller/battery pack and uploads all data captured by the Taser Axon Flex. The docking station ensures that evidence handling is secured and that data is not altered.

716.09    Event Mode: When placed in Event Mode, the Taser Axon Flex records audio and visual data. The previous 30 seconds of buffered video is also saved.  The difference between buffering mode and event mode is that event mode records and saves data while buffering mode records but, doesn't save the video.

716.10    Taser Axon Flex: A body-worn audio/video recording system primarily consisting of a camera and a

WICHITA  020697

controller/battery pack.

716.11 <u>Objectively Reasonable Force</u>: The degree of force used in effecting an arrest, investigatory stop, or other seizure is evaluated by using an objective, reasonable police officer standard. The reasonableness of each particular use of force will be judged from the perspective of a reasonable officer on the scene, based on the facts and circumstances known to and confronting the officer at the time. <u>See</u> *Graham v. Connor*, 490 US 388 (1989). In determining the appropriate level of force to be used, officers shall evaluate each situation in light of the unique facts and circumstances of each case. Those factors include, but are not limited to, the seriousness of the crime or suspected offense; the level of threat or resistance presented by the subject; the risk or apparent attempt by the subject to escape; and whether the subject was posing an imminent threat to officers or others.

716.12 <u>Criminal Investigations Records:</u>    Records of an investigatory agency or criminal justice agency, compiled in the process of preventing, detecting or investigating violations of criminal law. Pursuant to Senate Bill No. 22 passed by the Kansas Legislature and effective July 1, 2016, every audio or video recording made and retained by law enforcement using a body camera or a vehicle camera shall be considered a "criminal investigation record," as defined in the Kansas Open Records Act.

716.13 <u>Criminal Justice Agency</u>:  Shall be defined by K.S.A. 22-4701(c) and amendments thereto.

716.14 <u>Traffic Infraction</u>:  Shall be defined by K.S.A. 21-5102 and amendments thereto.

716.15 <u>Undercover Agent</u>:  An employee of a public agency responsible for criminal law enforcement who is engaged in the detection or investigation of violations of criminal law in a capacity where such employee's identity or employment by the public agency is secret.

716.16 <u>Reportable Event</u>:  Shall be defined by K.S.A. 22-4707 and amendments thereto.

<u>TRAINING</u>
716.17 The departmentally approved body-worn camera systems/Evidence.com training curriculum will be maintained by the Training Bureau. Only officers who have successfully completed departmentally approved training are authorized to use body-worn cameras. As technology changes, officers will be required to attend updated training on the body-worn camera systems. After initial implementation is complete, officers will not patrol until training is complete.

<u>OPERATIONAL USE</u>
716.18 Body-worn cameras shall be operated in accordance with the manufacturer's guidelines and Wichita Police Department training and policies.

716.19 The body-worn cameras shall be worn at all times during on duty hours by the assigned officer, unless directed by a supervisor.

716.20 At the beginning of the shift, officers shall inspect their body-worn camera for any physical damage and to ensure the system is fully charged and operational.  Only fully charged and operational systems shall be used, unless otherwise approved by a supervisor.

716.21 Malfunctions, damage, loss, or theft of any part of the body-worn camera shall be immediately reported to a supervisor.

716.22 Officers shall position the body-worn camera in a manner to facilitate optimum recording field of view, while also ensuring the ability to safely activate the camera prior to, or during an incident. The body-worn camera shall be worn in any of the approved head mounted devices on either the left or right side of the body (i.e. helmet mount, hat mount, head mount, eyeglass mount). The body-worn camera may be worn on or above the shoulder during times in which the officer is not responding to or actively involved in, an incident, as outlined in policy 716.24 (i.e. completing paperwork at a police station, lunch breaks or restroom breaks). In the event that an officer must temporarily move the body-worn camera from the standard head mounted position while recording an incident, the officer shall articulate in their report the reasonableness for adjusting or altering the mounting position. Officers shall wear the body-worn camera in the manner described in this policy, unless otherwise approved by a supervisor.

716.23 It is generally implied that words and/or actions performed in the presence of a police officer have no expectation of privacy, if asked, the officer will inform the person they are being recorded. This shall be documented in the officer's report.

716.24  Sound judgment and discretion shall dictate when a body-worn camera is activated; however, officers shall
R       make every effort to activate the body-worn camera to record citizen contact when law enforcement action
        is being or may be taken including, but not limited to:

    A.  Vehicle and pedestrian investigative detentions, stops, and searches;

    B.  Observed unlawful conduct;

    C.  High-risk situations;

    D.  Statements received pertaining to an investigation and advising an individual of Miranda rights;

    E.  K-9 deployments;

    F.  Physical arrest of persons;

    G.  Any other circumstances where the officer believes recording an incident would be appropriate, or
       when directed by a supervisor;

    H.  Surveillance when the suspect is observed.

716.25  A recording should generally be made during incidents that create reasonable suspicion in the mind of a
        reasonable police officer that a crime has been committed, is being committed, or will be committed in the
        future.
    A.  Subject to the other provisions of this policy, citizens may make requests to officers to activate
       Body-Worn Cameras.  Citizen requests will not guarantee that cameras will be activated, but shall
       be considered in light of all factors and applicable policies.

716.26  Officers who do not activate their body-worn cameras in situations where they were required to as outlined
        above, may be subject to discipline per the Discipline Regulation Code.

716.27  Once a body-worn camera is activated, it shall not be intentionally turned off until the incident has reached
        a conclusion.  If it becomes necessary to discuss issues surrounding an investigation with a supervisor or
        another officer in private, the officer may turn off their body-worn camera; thereby preventing their private
        conversation from being recorded. The officer shall state prior to turning the camera off that the camera is
        intentionally being turned off, and the reason for turning the camera off.

716.28  The use of a body-worn camera does not replace the need for required documentation.  All
        incident/supplemental reports shall be completed, regardless of the video that has been captured. This also
        includes the continued need for evidentiary photos.

716.29  Whenever an officer records an incident or any portion of an incident, which that officer reasonably
        believes will likely lead to a citizen complaint, the officer will immediately bring it to the attention of
        his/her supervisor.

716.30  Once video is captured, officers shall identify the data file in the following manner:
R

    A.  By entering the case number (six-digit) followed by the officer's ID within the Title field; or by
       entering the citation number followed by the officer's ID within the Title field.  If no case number
       or citation number exists, the Title field should include the address that the officer's call
       originated.

    B.  The ID Field may be used to notate a disposition or may be left blank.

    C.  Selecting the appropriate category.  In the event more than one category is applicable, the category
       with the longer retention rate shall be selected.

716.31  Categories and associated retentions rates as implemented by the System Administrator:

    A.  **UNCATEGORIZED [Retention period based on category once assigned]**:  Default setting,
       which shall not be intentionally selected.

    B.  **TRAINING [90 days]**:  Videos deemed appropriate training aids

WICHITA  020699

C. **NO ACTION/MISCELLANEOUS [90 days]**: N-Code circumstances, and incidents which do not result in police action; arrest, case number, citation, etc.

D. **FIELD INTERVIEW [2 years]**: Vehicle/pedestrian stops, consensual, or based on probable cause or reasonable suspicion, knock and talks, or calls for service, but do not result in a case number, arrest, or citation, but may have resulted in a pat-down, or search; vehicle or person

E. **INCIDENT REPORT-NON-CRIMINAL [2 years]**: Circumstances with no known criminal offense; 6100, etc., with accompanying case number

F. **CITATION [2 years]**: Vehicle/Pedestrian stops resulting in a citation

G. **MISDEMEANOR INVESTIGATION/ARREST [3 years]**: Misdemeanor criminal offenses

H. **FELONY INVESTIGATION/ARREST [10 years]**: Felony criminal offenses

I. **RAPE [Indefinitely]**: All incidents involving the crime of rape

J. **HOMICIDE/DEATH INVESTIGATION [Indefinitely]**: All death investigations

K. **DEADLY USE OF FORCE [Indefinitely]**: All incidents involving deadly use of force

L. **USE OF FORCE [10 years]**: All incidents involving the use of force

M. **PENDING REVIEW [Retention period based on category]**: Utilized by users/administrators for entries which must be kept beyond established retention rates

N. **ADMINISTRATIVE INVESTIGATION [Retention period based on category]**: Only utilized by administrators to re-categorize entries as needed

716.32 At the end of their shift, officers shall place the body-worn camera into the Evidence.com dock. This will allow evidence to be transferred from the system to Evidence.com, and for the battery to be charged. The system should not be removed from the dock until the data has been uploaded, and the battery is fully charged.

OPERATIONAL PROHIBITIONS/RESTRICTIONS

716.33 Officers shall not modify, tamper, dismantle, or attempt to make repairs to the body-worn cameras. Violations of this nature are a class E violation.

716.34 Officers shall not enable a password protect lock on the device in case a situation arises that another officer or supervisor needs to retrieve recorded evidence from the device.

716.35 Officers will typically not allow citizens to review recordings; however, officer discretion is allowed to replay the recording for citizens at the scene in order to mitigate possible minor complaints.

716.36 To respect the dignity of others, members utilizing body-worn cameras will make reasonable efforts to avoid recording persons who are nude, or when sensitive areas are exposed.

716.37 Body-worn cameras shall not be activated in places where a reasonable expectation of privacy exists, such as locker rooms, dressing rooms, or restrooms except as required under section 716.24 of this policy.

716.38 The intentional recording of confidential informants and undercover officers is prohibited, unless authorized by a supervisor.

716.39 Non-work related personal activity shall not be recorded.

716.40 Under no circumstances shall any recordings be used or shown for the sole purpose of bringing ridicule or embarrassment upon any person.

716.41 Members shall not use body-worn cameras to make surreptitious recordings of other department members, except as required under section 716.24 of this policy.

WICHITA 020700

716.42   Officers shall not make copies of any recording for their personal use and are prohibited from using a recording device (such as a camera phone or secondary video camera) to record media from Evidence.com or any device utilized to view data recorded on body-worn cameras. (Refer to City of Wichita Acceptable Use Policy).

716.43   Officers are prohibited from using their personal phone or smart device for body-worn camera applications, or audio recording applications, unless authorized by a supervisor.

716.44   Any uploading or converting digital recordings for use on any type of social media is prohibited, unless approved by the Chief of Police.

716.45   Officers are authorized, and encouraged to wear their assigned body-worn camera while working off-duty jobs. However, officers shall ensure that the use of the camera while working off-duty jobs will not interfere with the use of the body-worn camera while on duty. Specifically, the camera will be fully charged and ready for use during on duty hours.

**DELETION OF UNINTENTIONAL RECORDINGS**

716.46   In the event of an unintentional activation of the body-worn camera during non-enforcement or non-investigative activities, e.g. restroom or meal break, other areas where reasonable expectation of privacy exists: officers may request recording deletion. An Officer's Report detailing the circumstances of the unintentional recording will be forwarded via the chain of command to the officers Bureau Commander. If approved, the actual deletion requires two party authorization. One of those parties will be the Bureau Commander, the other will be body-worn camera administrator. The deletion will only occur after the recording has been reviewed by the Bureau commander and the body-worn camera administrator.

**ACCOUNTABILITY, REVIEW, AND SECURITY**

716.47   All body-worn camera/Evidence.com users will be responsible for monitoring system effectiveness and making recommendations for operational improvement and policy revision.

716.48   The Wichita Police Department will ensure officers, investigators, supervisors, prosecutors and non-law enforcement personnel have access to recorded events for legitimate law enforcement purposes or other articulated reasons.

716.49   Officers authorized under this policy may review their own video in review-only mode as it relates to:

    A.   Their involvement in an incident for the purposes of completing a criminal investigation and preparing official reports (other than officer involved use of deadly force incidents).

    B.   Prior to courtroom testimony or for courtroom presentation.

    C.   Providing a statement pursuant to an administrative inquiry/investigation.

    D.   For training purposes.

716.50   Officers who use deadly force, or officers who witness officer(s) involved in uses of deadly force will not review body-worn camera video until they are interviewed by criminal investigators, and a supervisor in the Person Crimes Bureau gives the approval for the review of the video. However, prior to the conclusion of the interview, the investigator will review the body-worn camera video with the focus officer or witness officer and allow for additional statements or clarification to be documented in a distinct section of the investigator's report.

716.51   A supervisor may review a specific incident contained on digital media for the purpose of training, critique, early intervention inquiries, civil claims, administrative inquiry, or other articulated reasons.

716.52   Evidence.com automatically time/date stamps and records each access by officer name.

716.53   All digital media collected using body-worn cameras is considered a record of the Wichita Police Department. Access to recordings shall be granted to authorize users only. Individuals will be granted access to evidence.com by System Administrators. It is the responsibility of authorized users to keep their user name and password confidential. Accessing, copying, or releasing any recordings for other than official law enforcement purposes is strictly prohibited, except as required by law.

716.54 Evidentiary copies of digital recordings will be accessed and copied from Evidence.com for official law enforcement purposes only.

716.55 The release of requested digital media through written public records request will be subject to the same statutory exemptions from disclosure as any other department records classified under Kansas State Statute. See section 716.63 through 716.74 for detailed open records policy.

716.56 The Wichita Police Department's Evidence.com administrator will conduct quarterly audits to verify and deactivate users who are no longer authorized.

716.57 The Wichita Police Department's Local Agency Security Officer (LASO) shall verify Taser International's Evidence.com CJIS compliance annually.

**SUPERVISORY RESPONSIBILITIES**

716.58 Supervisory personnel shall ensure that officers equipped with body-worn cameras utilize then in accordance with policy and procedures defined herein.

716.59 Watch commanders or their designee will serve as the body-worn camera/Evidence.com manager/administrator.

    A. The Watch Commanders or their designee will ensure officers utilize body-worn cameras according to policy guidelines.

    B. The Watch Commanders or their designee will periodically review Evidence.com to ensure videos are not uncategorized.

    C. Upon receiving notice of the termination of any Wichita Police Department Member, a Field Clerk with appropriate permissions will promptly deactivate the terminated Member's Evidence.com account effective as of the termination date given.

716.60 Should circumstances require the immediate retrieval of a digital recording (e.g., serious crime scenes, agency shootings, department-involved accidents), a supervisor shall respond to the scene to secure the body-worn camera system and maintain chain of custody.

**OPEN RECORDS**

716.61 The Wichita Police Department is committed to the ideal that it exists to serve the interests of its citizens. Toward that goal, it is the City of Wichita's mission and intent to create and maintain open and transparent government, including the release of videos in accordance with state law.

716.62 More access to citizens about their government than ever before is now possible. With the Wichita Police Department's adoption of Body-Worn Cameras, digital video recordings have become the latest medium for creating, using and disseminating information to the public.

716.63 R The Wichita Police Department is committed to the public policy of the State of Kansas as set forth in the Kansas Open Records Act (KORA) as set forth in K.S.A. 45-216, that public records shall be open for inspection unless otherwise provided in the KORA, and that this policy, like the KORA, shall be liberally construed to promote open and transparent government. Consistent with such commitment, it is the Police Department's intent to aid those who are seeking information within the boundaries of state and federal law.

**VICTIM AND WITNESS PRIVACY; REQUESTS FOR VIEWING ONLY**

716.64 R The Wichita Police Department is committed to protecting and safeguarding victim and witness privacy.

    A. Pursuant to Senate Bill No. 22, enacted into law by the 2016 Kansas Legislature, "Every audio or video recording made and retained by law enforcement using a body camera or a vehicle camera shall be considered a criminal investigation record as defined in K.S.A. 45-217, and amendments thereto." By defining such video as criminal investigation records, the Kansas Legislature made it clear that disclosure of body camera video shall be authorized in the same manner and subject to the same exceptions as all other criminal investigation records are pursuant to the KORA, as well as under the public interest disclosure provision for such records.

| Policy 716 – Body-worn Cameras | | Page 7 of 9 | | Issue/Rev.: R 11-8-2016 |

B. In Senate Bill No. 22, Section 1(b), the Legislature allows certain persons to request to listen to an audio recording or to view a video recording made by a body camera or vehicle camera, and requires a law enforcement agency to allow such listening or viewing subject to a reasonable fee. The persons who may make such a request include:

    I.    The subject of the recording;
    II.   A parent or legal guardian of a person under 18 years of age who is a subject of the recording;
   III.  An attorney for any of the previous persons listed; and
   IV.  An heir-at-law, an executor, or an administrator of a decedent who is a subject of the recording.

    For the purposes of this policy, a "subject" of a recording shall be a person whose image or voice is in the recording. When disclosing the recording, only those portions of the recording that contain the image or voice of the person shall be disclosed.

C. A person who requests disclosure pursuant to this subsection shall make a request in writing using the Wichita Police Department "Request to View Body-Worn Camera Video form". Viewing of such video shall be by appointment only at City Hall. A minimum fee of $25 will be charged for the time required by the requester to view the video, up to one hour, and must be paid in advance. Additional time required for video viewing will be billed at the rate of $12.50 per 30-minute increment, or any portion thereof. Wichita Police Department personnel must be present at all times during viewing and the requester shall not in any manner record or copy the video being viewed.

D. Subject to the foregoing, videos which identify the victim of any sexual offense, videos which the release would constitute an unwarranted invasion of personal privacy, videos within the interior of a facility that offers health care, mental health care or social services, videos within the interior of a private residence, and videos within a place that a reasonable person would expect to be private, shall not be subject to disclosure, unless otherwise required by state or federal law.

### SUBMIT REQUEST FOR RELEASE OF VIDEO

716.65  Requests for Body-Worn Camera video will be made, in writing, to the Wichita Police Department Records Bureau Video Section either in person, by mail, email, or Fax in the Records Bureau, 5th floor, at City Hall. The request must include the information in the "Authorization for Copy of Body-Worn Camera Video" form.

716.66  Once the "Authorization for Copy of Body-Worn Camera Video" form has been submitted, the Records
R       Bureau Video Section will determine if video is available and if it is subject to release. If video is available and open, a fee of $35.00 per disc will be invoiced. If redaction is required or allowed pursuant to law, a minimum redaction fee of $50.00 will be assessed and must be paid in full prior to the release of the video. If actual redaction fees are estimated to exceed $50.00, an estimate of the additional redaction fees will be provided to the requester prior to the request being processed. All fees must be paid by the requester in advance. If when the request is made and it is immediately recognizable that the body-worn camera video cannot be released, the requestor will be notified and no fee will be collected.

716.67  After a Body-Worn Camera Video Request has been received by the Wichita Police Department Body-Worn Camera Records Section and the video meets the requirements to be released, it should be available for pick-up within a reasonable time depending the number of requests.

716.68  If a determination is made by the Wichita Police Department Records Bureau Video Section that the
R       release of the requested video is outside the scope of this policy, this determination will be reviewed by the City Attorney or his/her designee. The City Attorney will determine if the provisions of Senate Bill No. 22 are applicable and if the body-worn Camera video can be released in totality or with redactions and may consult with the Sedgwick County District Attorney and/or United States Attorney, or other prosecuting agency as necessary. If the provisions of Senate Bill No. 22 are applicable, arrangements shall be made for the requester to view the video, subject to Policy 716.66 (B) and (C). If upon review, it is determined that the video is not subject to release, the requester shall be notified in writing of the denial of the request and the reason for the denial.

### RELEASE OF VIDEO – INFRACTIONS OR NO CRIMINAL CHARGES

716.69 Body-Worn Camera videos recorded during citizen contacts may be released upon proper request when
R such contact results in:

    A. The issuance or investigation of a traffic infraction or warning only;

    B. No charges or citations being filed or issued unless such video depicts a "reportable event" or
       would be otherwise restricted pursuant to the Kansas Criminal History Record Information Act as
       set forth in K.S.A.22-4501 *et seq.*

### RELEASE OF VIDEO – PURSUANT TO COURT ORDER AND/OR SUBPOENA

716.70 Body-Worn Camera videos will be released in criminal prosecutions to the defendant and/or the
R defendant's attorney, with approval of the prosecuting agency and/or by subpoena or order of the court
pursuant to discovery procedures as set forth by state or federal law.

Body-worn camera videos may be released in non-criminal court proceedings pursuant to subpoena and/or
court order pursuant to state and federal law and after review by the City Attorney's office.

### RELEASE RESTRICTIONS

716.71 In addition to the restrictions set forth in Subsection 716.66, the following videos, are not subject to
disclosure under this policy:

    A. Videos involving the arrest or investigation of offenses by juveniles, unless ordered to be released
       by the court, pursuant to K.S.A. 38-2310 and amendments thereto;

    B. Videos involving the investigation of an alleged Child in Need of Care, unless ordered to be
       released by the court, pursuant to K.S.A. 38-2212 and amendments thereto;

    C. Criminal investigation records as defined by this policy, when the release of the video would:

         i. Not be in the public interest;

         ii. Interfere with any prospective law enforcement action, criminal investigation or
           prosecution;

         iii. Reveal confidential investigative techniques or procedures not known to the general
           public;

         iv. Reveal the identity of any confidential source or undercover agent;

         v. Endanger the life or physical safety of any person; and

         vi. Reveal the name, address, phone number or any other information which specifically
           and individually identifies the victim or alleged victim of any sexual offense in article 55
           of chapter 21 of the Kansas State Annotated, and any amendments thereto.

    D. Unless requested as part of discovery pursuant to Section 716.72, the appropriate prosecuting
       agency will be contacted by the Wichita Police Department or City Attorney when a request for
       videos is made in a pending or prospective criminal investigation, to determine if the release of the
       requested video will interfere with any pending or prospective criminal investigation.

    E. Videos which depict a "reportable event", when the dissemination of the video would be unlawful
       pursuant to K.S.A. 22-4707 and amendments thereto.

    F. Videos the release of which would violate state or federal law or orders of a court or agency
       having lawful jurisdiction.

### MEDIA RELEASE OF VIDEO FOR LAW ENFORCEMENT PURPOSES

716.72 If determined that the release of body-worn camera video, or any portion thereof, for disclosure to the
R general public may be necessary for the furtherance of a legitimate law enforcement purpose, requests for
such release shall be reviewed by the City Attorney or his/her designee to determine if such disclosure is
consistent with all applicable state and/or federal law.

WICHITA  020704

**ISSUANCE AND RETURN OF TASER AXON EQUIPMENT**

716.73
R
TASER AXON equipment will be assigned to officers and signed out on a designated log. It will be returned to the officer's respective Bureau Commander under the following circumstances:

   A. When the employee terminates or has their employment terminated with the Wichita Police Department as part of their equipment returned during termination procedures or;

   B. If the employee is assigned to a position that will no longer require the use of the TASER AXON Body-Worn camera system (i.e. a promotion from Officer to Detective).

**EXTERNAL COMPLAINTS**

716.74
The complainant of an external complaint may contact the Professional Standards Bureau to request to review the video with a member of Professional Standards.

WICHITA 020705