IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA G. FINCH and DOMINICA C. FINCH,
*as co-Administrators of the Estate of*
*Andrew Thomas Finch, Deceased*,

                              Plaintiffs,

v.                                                            Case No. 18-1018-JWB

CITY OF WICHITA, KANSAS;
JUSTIN RAPP; and
BENJAMIN JONKER,

                              Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b). (Doc. 197.) The motion is fully briefed and is ripe for decision. (Docs. 198, 201.) For the reasons stated herein, the motion is GRANTED.

**I. Background**

On December 28, 2017, a person telephoned 911 and reported he had shot his father in the head and was holding other family members hostage at 1033 W. McCormick in Wichita, Kansas. Wichita police officers Justin Rapp and Benjamin Jonker, among other officers, responded to the resulting broadcast of a police dispatcher and surrounded the residence. Shortly after their arrival, Andrew Thomas Finch emerged from the front door of the house, and officers began shouting commands at Finch. Rapp, who was armed with a rifle, shot and killed Finch about ten seconds later. Rapp testified he did so based on a belief that Finch was drawing a firearm and was endangering other officers. Jonker was the supervising officer at the scene. It was subsequently

discovered that the 911 call was a hoax perpetrated by a person in California who had no connection to Finch or to the residence.

Plaintiffs filed this action under 42 U.S.C. section 1983 alleging excessive force claims against Rapp and Jonker, a supervisory liability claim against Jonker, and a claim for unlawful policy or practice against the City of Wichita. (Doc. 158 at 13-14.) In a summary judgment ruling, the court held that Plaintiffs had shown a genuine issue of material fact as to whether Rapp's use of force was excessive and unreasonable under the Fourth Amendment, that Rapp was not entitled to qualified immunity, that Jonker was entitled to dismissal based on qualified immunity, and that the City of Wichita was entitled to dismissal because Plaintiffs had not cited evidence to reasonably show the elements of a claim of municipal liability. (Doc. 191.) Defendant Rapp thereafter filed a timely notice of interlocutory appeal to challenge the denial of qualified immunity. (Doc. 192.) *See Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985) (denial of a claim of qualified immunity is an appealable final decision notwithstanding the absence of a final judgment).

Plaintiffs then filed the instant motion pursuant to Fed. R. Civ. P. 54(b) asking the court to enter final judgment on Plaintiffs' claim against the City of Wichita so Plaintiffs can appeal and have the Tenth Circuit address the claim against the City together with Rapp's appeal of the denial of qualified immunity. Plaintiffs argue the ruling in favor of the City is final and there is no just reason to delay entry of final judgment on the claim against it.

**II. Standards**

Rule 54(b) provides that a court may direct entry of a final judgment as to one or more, but fewer than all, of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of

2

the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Rule 54(b) requires the court to act as a "dispatcher," using its discretion to determine the appropriate time when each final decision in a multiple-claim or multiple-party case is ready for appeal, considering the "interest of sound judicial administration." *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-37 (1956)). *See Smith v. TFI Family Servs., Inc.*, No. 17-2235-JWB, 2020 WL 569807, at *2 (D. Kan. Feb. 5, 2020). The rule "preserves the historic federal policy against piecemeal appeals" but allows the court to identify exceptions that promote efficient judicial administration. *Mackey,* 351 U.S. at 438.

### III. Analysis

The City of Wichita concedes the summary judgment decision in its favor was a final ruling that disposed of all claims against it. (Doc. 198 at 2.) But it argues certification of the ruling would add a "unique and unrelated" issue to Rapp's appeal that would require extensive effort to prepare and which would be moot if the Tenth Circuit were to find Rapp's actions did not amount to a constitutional violation. (*Id.* at 3.) On the other hand, if the claim against Rapp were to survive the interlocutory appeal and proceed to trial, the City says it would then seek separate trials against Rapp and the City, resulting in a longer trial. But it also argues that the City has indemnity and insurance obligations for any damages caused by Rapp that would make any subsequent trial against the City unnecessary. (*Id.* at 3-4.)

"Factors for the district court to consider in making an express determination of finality and no just reason for delay include 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

After considering the circumstances, the court determines that the ruling in favor of the City of Wichita is a final ruling and that there is no just reason to delay entry of a final judgment in favor of the City. The City argues that allowing an immediate appeal would require extensive work, but the issues pertaining to the City's liability have largely been briefed already in the summary judgment motions. That factor does not weigh in favor of delay. The City also points out that any claim against it would be precluded if the Tenth Circuit were to find that Rapp's actions did not violate the Fourth Amendment. That is true,[1] but in the court's estimation that is not a likely outcome. The facts relevant to Rapp's interlocutory appeal will be viewed by the Tenth Circuit in the light most favorable to Plaintiffs, making it more likely that the Tenth Circuit's determination will be based on whether the law governing Rapp's conduct was clearly established, not whether Plaintiff's version of the incident, if true, shows a Fourth Amendment violation. *See e.g. Harris v. Janes,* ___F. App'x___, 2020 WL 3495943, at *2 (10th Cir. June 29, 2020) (in an interlocutory appeal of the denial of qualified immunity, "the defendant must 'be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal' and discuss only legal issues.") And in that event the Tenth Circuit determination of whether the law was

---

[1] "When a finding of qualified immunity is based on a conclusion that the officer has committed no constitutional violation – i.e., the first step of the qualified immunity analysis – a finding of qualified immunity … preclude[s] the imposition of municipal liability." *Emmett v. Armstrong,* ___F.3d___, 2020 WL 5200909, at *9 (10th Cir. Sept. 1, 2020) (quoting *Jiron v. City of Lakewood,* 392 F.3d 410, 419 n.8 (10th Cir. 2004)).

4

clearly established would not necessarily preclude Plaintiffs' claim against the City. *Cf. Contreras on behalf of A.L. v. Dona Ana Cty. Bd. of Cty. Comm'r,* 965 F.3d 1114 (10th Cir. 2020) (concurring opinions discussing relation between clearly established law and municipality's deliberate indifference).

The City next says that if an immediate appeal were allowed, and if Plaintiffs' claims against both Rapp and the City were remanded for trial, then the City would seek a bifurcated trial, which would "significantly extend the time for and complicate the trial." (Doc. 198 at 3.) But the pretrial order governs the proceedings and it does not call for a bifurcated trial. Nor would the court be likely to grant a request for a bifurcated trial under the particular facts of this case. This argument does not demonstrate a just reason for delay of final judgment against the City.

Finally, the City contends a trial of the claim against it would be "unnecessary" even if Plaintiffs prevailed against Rapp because "the City has indemnification obligations to Officer Rapp" and has insurance coverage for that obligation. (Doc. 198 at 3.) The indemnification statute cited by the City, K.S.A. 75-6116, contains a laundry list of conditions that may or may not be satisfied here. But even if it were clear that the City would be obligated and capable of fully indemnifying any judgment against Rapp, that would not preclude Plaintiffs' right to pursue any viable claim against the City.

5

**IV. Conclusion**

Plaintiffs' motion for order of final judgment under Rule 54(b) (Doc. 197) is GRANTED. The court determines that its ruling granting the City summary judgment is final and that there is no just reason for delaying entry of judgment on the claims against the City.  Pursuant to Fed. R. Civ. P. 54(b), the clerk is directed to enter a final judgment of dismissal in favor of the City of Wichita.  IT IS SO ORDERED this 15th day of September, 2020.

                                                  _____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE