IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA G. FINCH and DOMINICA C. FINCH,
*as co-Administrators of the Estate of*
*Andrew Thomas Finch, Deceased,*

                Plaintiffs,

v.                                    Case No. 18-1018-JWB

CITY OF WICHITA, KANSAS;
JUSTIN RAPP; and
BENJAMIN JONKER,

                Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion for leave to amend the pretrial order. (Doc. 210.)  No response to the motion has been filed and the time for doing so has passed, making the motion ripe for decision.[1]  For the reasons stated herein, the court concludes that it lacks jurisdiction to rule on the merits of the motion; the motion is accordingly DISMISSED without prejudice to refiling.

A pretrial order was filed in this case on October 29, 2019.  (Doc. 158.)  Plaintiff's claims under 42 U.S.C. § 1983 included claims against Defendants Rapp and Jonker alleging excessive force, a supervisory liability claim against Jonker, and a claim for an unlawful policy against the City of Wichita.  The court granted summary judgment to Jonker and the City of Wichita but denied Rapp's motion for summary judgment.  (Doc. 191.)  Rapp then filed an interlocutory appeal

---

[1] Although Plaintiffs did not file a response, Defendants' motion indicates Plaintiffs conveyed their opposition to the motion to defense counsel, arguing this court is without jurisdiction to modify the pretrial order while an appeal is pending, and also opposing the motion on the merits.  (Doc. 210 at 2.)

to the Tenth Circuit Court of Appeals.  (Doc. 192.)  The court later granted a motion by Plaintiffs to certify the summary judgment ruling in favor of the City as a final judgment.  (Docs. 203, 204.) Plaintiffs then filed a cross-appeal of the ruling in favor of the City.  (Doc. 205.)  Both the appeal and the cross-appeal are currently pending before the Tenth Circuit.

On May 20, 2022, Defendants filed the instant motion for leave to amend the pretrial order. (Doc. 210.)  Defendants seek to modify the pretrial order to add a res judicata defense arising from a state court judgment in a related case, in which the state court allegedly held that Rapp's use of force was objectively reasonable.  (*Id.* at 3.)  The court concludes that it lacks jurisdiction to address this motion while the appeal is pending before the Tenth Circuit.

As the Tenth Circuit recently summarized:

> The filing of a notice of appeal generally divests the district court of jurisdiction over the issues in the appeal. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citation omitted). The district court, however, "retains jurisdiction over 'collateral matters not involved in the appeal.'" *Id.* (quoting *Garcia v. Burlington N.R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)).

*Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 712 (10th Cir. 2021).  Defendants argue their proposed amendment is collateral to the issues on appeal because "whether the recent state court judgment bars [Plaintiffs'] claims is not involved in the pending appeal." (Doc. 210 at 9.) But Defendants seek to assert a defense that Plaintiffs are precluded from litigating the reasonableness of Rapp's actions.  In the court's view, such an amendment is connected to and intertwined with an issue that is before the Tenth Circuit – namely, the objective reasonableness of Rapp's actions.  *Cf. Cribari*, 861 F. App'x at 713 (defendant's counterclaim arising from the judgment was not separate but was intertwined with the issues on appeal).

**Conclusion**

Defendants' motion for leave to amend the pretrial order (Doc. 210) is DISMISSED for lack of jurisdiction.  The dismissal is without prejudice to refiling.  IT IS SO ORDERED this 14th day of June, 2022.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE