IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA G. FINCH and DOMINICA C. FINCH,
*As Co-Administrators of the Estate of*
*Andrew Thomas Finch, Deceased*,

        Plaintiffs,

v.          Case No. 18-1018-JWB

JUSTIN RAPP,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Justin Rapp's (hereinafter "Rapp") motion for leave to amend the pretrial order (Doc. 217), Plaintiffs' motion for a scheduling conference (Doc. 218), and Plaintiffs' motion for leave to reopen discovery (Doc. 219). The motions are sufficiently briefed and the time for further briefing has expired, making the motions ripe for decision. (Docs. 220, 224, 225.) For the reasons stated herein, Rapp's motion for leave to amend (Doc. 217) is GRANTED. Plaintiffs' motions for a scheduling conference (Doc. 218) and to reopen discovery (Doc. 219) are DENIED without prejudice to refiling.

**I. Motion for Leave to Amend Pretrial Order (Doc. 217.)**

This suit arises from an incident on December 28, 2017, when law enforcement officers responded to a 911 call from a man who said he had killed his father and was holding other family members hostage at gunpoint at a house in Wichita. Unbeknownst to officers, the call was a hoax by an individual calling from California. Shortly after officers surrounded the Wichita residence where the caller claimed to be, a resident of the home, Andrew Thomas Finch, emerged from the

front door. After a short encounter, Rapp, a Wichita police officer, fired a shot from his rifle that killed Finch. The sole remaining claim in this case is Plaintiffs' claim against Rapp under 42 U.S.C. § 1983 for use of excessive force in violation of Finch's Fourth Amendment rights.[1] As to that claim, the court denied Rapp's motion for summary judgment asserting qualified immunity, concluding that a jury could find Rapp's use of deadly force was objectively unreasonable and that the law was clearly established that use of deadly force under the circumstances alleged by Plaintiffs was unlawful. The Tenth Circuit affirmed that ruling in an interlocutory appeal by Rapp.

A pretrial order was filed in the case on October 29, 2019. (Doc. 158.) Rapp now moves to amend the pretrial order to include defenses of res judicata and collateral estoppel. (Doc. 217 at 1.) Rapp argues these defenses could not have been asserted previously because they arose upon entry of judgment on March 17, 2022, in a related case in the District Court of Sedgwick County, *A.F., a minor, and D.F., a minor, v. Justin Rapp and Benjamin Jonker*, Case No. 2019-CV-2373. Rapp asserts that the state court judgment included findings that: 1) Rapp owed no duty to Finch based on events leading up to the shooting; and 2) Rapp is immune under K.S.A. 21-5231 because his use of force was both subjectively and objectively reasonable under K.S.A. 21-5222. (*Id.* at 4.)

**A. Standards**

Once entered, the pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The following factors are ordinarily relevant in deciding whether a modification should be allowed: (1) prejudice or surprise to the

---

[1] The court previously granted summary judgment in favor of the City of Wichita and Benjamin Jonker. (Doc. 191.) The court certified the ruling in favor of the City as a final judgment for purposes of appeal, and the Tenth Circuit later affirmed the summary judgment in favor of the City. *Finch v. Rapp*, 38 F.4th 1234, 1238 (10th Cir. 2022).

party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

### B. Analysis

Plaintiffs have not shown unfair surprise or prejudice from Rapp's proposed amendment of the pretrial order. The proposed amendment is not untimely given the fact that the state court judgment was entered after the pretrial order in this case was filed. In fact, the state court petition had not even been filed when this court entered its pretrial order. (*See* Doc. 210-2.)) Plaintiffs do not claim they were unaware of the state court action, which was filed by the same attorneys who represent them in this proceeding and which was brought on behalf of two heirs-at-law of Andrew Finch, nor do they cite evidence of unfair prejudice to their ability to respond on the merits to the defenses Rapp seeks to assert.

Plaintiffs argue the doctrine of judicial estoppel should bar Rapp from amending the pretrial order. (Doc. 224 at 15.) The court finds that argument unpersuasive. "Judicial estoppel is an equitable remedy designed to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Reese v. HomeAdvisor, Inc.*, No. 22-CV-2566-JAR, 2021 WL 3129447, at *4 (D. Kan. July 23, 2021) (quoting *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1207 (10th Cir. 2017) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001))). "[T]hree factors are considered in determining whether to apply the doctrine: (1) whether a party takes a position that is 'clearly inconsistent' with its earlier position; (2) whether adopting the later position would create the impression that 'either the first or the second court was misled'; and (3) whether allowing the party

3

to change its position would give it 'an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* Plaintiffs contend Rapp is now seeking to argue that the state court plaintiffs made a claim against Rapp based on his use of force against Finch, which they say is contrary to the position Rapp took in the state litigation. (*See* Doc. 224 at 16) (citing Rapp's state court brief arguing that the plaintiffs only alleged negligence prior to the use of force and did not claim a breach of duty in the actual use of force.)

It is not entirely clear from the briefs what claims were actually litigated in the state court proceeding. In response to Plaintiffs' above citation of Rapp's state court brief, Rapp points to filings by the state court plaintiffs, including a motion to amend their petition "to clarify" that they were in fact alleging a battery claim against Rapp based on his use of force (Doc. 225-1 at 1), and a summary judgment response arguing that "Rapp's use of deadly force was not justified because Finch posed no threat of imminent death or great bodily harm to any of the officers." (Doc. 225-3 at 18.) The state court ruling on summary judgment appeared to characterize the plaintiffs' claims as alleging negligence both before the shooting and in Rapp's "actual use of force (the shooting)," and it concluded Rapp was entitled to statutory immunity on state tort claims arising from his use of force. (Doc. 210-1 at 5, 9–14.) Against this backdrop, the court does not find that Rapp's current position is "clearly inconsistent" with his position in the state court litigation, nor is there a danger of this court being misled by Rapp's position. Moreover, Rapp's asserted change is no more inconsistent or inequitable than Plaintiffs' current position. Notwithstanding the state court plaintiffs' motion "to clarify" that they were alleging a battery based on Rapp's use of force, and the state court ruling addressing a claim of battery, Plaintiffs now assert that "all allegations in the state suit involved … [Rapp's] negligence prior to [Rapp's] unlawful use of force" and that the plaintiffs there "did not assert any claims regarding Rapp's use of force…." (Doc. 224 at 4.)

4

In sum, Plaintiffs have not shown that judicial estoppel precludes Rapp from seeking to amend the pretrial order. Moreover, after considering the relevant factors under Rule 16, the court concludes Rapp's motion to amend the pretrial order should be granted. Under the circumstances, it would be manifestly unjust to prevent Rapp from raising a defense which he could not have asserted at the time the pretrial order was filed. *See BVM Merriam, LLC v. Am. Fam. Mut. Ins. Co.*, No. 17-2563-JWL, 2019 WL 78906, *1 (D. Kan. Jan. 2, 2019) (allowing modification and noting the judicial preference for a determination on the merits rather than a procedural default).

In finding that the motion to amend should be granted, the court expresses no opinion at all on the merits of the defenses of res judicata or collateral estoppel. Although both parties have addressed the merits in some depth, that issue is not before the court, as the motion merely sought leave to amend the pretrial order "to assert newly available defenses of res judicata and collateral estoppel and to allow a dispositive motion addressing those defenses." (Doc. 217 at 1.) A dispositive motion dedicated to the standards governing these defenses, with a clear statement of facts, would be highly beneficial to the court in resolving the merits of the defenses.

## II. Motion for Scheduling Conference (Doc. 218.)

Plaintiffs move the court to set a scheduling conference for the purpose of setting a trial date and appropriate pretrial proceedings. Because the court has decided to allow amendment of the pretrial order and to permit the filing of an additional summary judgment motion, the court will deny the motion for scheduling conference. As soon as the foregoing matters are disposed of, the court will convene a conference with counsel.

## III. Motion to Reopen Discovery (Doc. 219.)

Plaintiffs move to reopen discovery for two purposes: 1) "to determine the involvement of Wichita Police Department (WPD) officers, who are witnesses in this case, in sending biased and

violent messages concerning civilians – like Andrew Finch – who were shot by WPD;" and 2) "to supplement the record with Defendant Rapp's WPD personnel records that have been created in the last few years since the last production of such records" in 2018.  (Doc. 219 at 1.)

Plaintiffs' first request relates to a Report and Recommendation of the Wichita Citizens' Review Board (CRB), issued April 5, 2022, that reviewed certain text messages between WPD officers and Sedgwick County Sheriff's deputies.  The report allegedly showed that some officers made inappropriate comments.  Although the names of the officers have not been disclosed, Plaintiffs were able to determine that one of the officers involved is an eyewitness in this case, although it is not Rapp.  According to the report, this officer allegedly made the following comment to another officer:

> Hey Wyatt Earp.  How about saving some bad guys for us to deal with.  [Other WPD officers] and I are about to hit the streets but don't feel too confident we will find anything good because you keep putting holes in all the good targets.

 (Doc. 219 at 3.)  Plaintiffs seek leave to issue record subpoenas to determine the names of the officers discussed in the report so as to determine whether any of them are witnesses in the instant case and the extent of their involvement.  Plaintiffs argue this information is relevant to witness credibility and bias.  (*Id.* at 8.)

In response to Plaintiffs' motion, Rapp represents that the City of Wichita has agreed to produce, subject to existing protective orders, documents from the texting investigation relating to four individuals "who were present at the time of the shooting or who have been deposed" in the instant case.  (Doc. 220 at 6.)  Rapp is also willing to produce his personnel documents that were generated after the last document production.  (*Id.* at 5.)

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court …."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  Based on Rapp's response,

6

and on the assumption that Rapp will forthwith provide the documents referred to, the court will deny Plaintiffs' motion to reopen discovery as moot.

### IV. Conclusion

Rapp's motion for leave to amend the pretrial order (Doc. 217) is GRANTED.  The parties shall email to the court's chambers a proposed amended pretrial order, in WORD format, that incorporates the changes permitted by this order.  (*See* Doc. 217-2.)  Plaintiffs' agreement to the form of the order shall not be a waiver of their objection to the amendment.  Rapp is granted fourteen days from the entry of this order to file a summary judgment motion based on the newly asserted defenses.

Plaintiffs' motions for a scheduling conference (Doc. 218) and to reopen discovery (Doc. 219) are DENIED without prejudice to refiling.

IT IS SO ORDERED this 1st day of November, 2022.

      s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE